IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paku Bhagani, ) | C/A No. 2:13-53-DCN-BHH |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| James P. Doyle, ) | |
| ) | |
| Appellee. ) | |
| ) | |

This *pro se* appeal, by Paku Bhagani ("Appellant"), from an order issued by the United States Bankruptcy Court for the District of South Carolina is before the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636. It appears that Appellant was a creditor in the bankruptcy proceedings, and the bankruptcy court discharged a debt owed to Appellant by James P. Doyle. *See Bhagani v. Doyle*, Adversary Proceeding 11-80211-dd (Bankr. D.S.C. Sept. 19, 2012), ECF No. 72. Appellant seeks review of the September 19, 2012, bankruptcy court order and judgment. ECF No. 1.

The designated record received in this case indicates that Appellant filed in the bankruptcy court a Notice of Appeal on October 4, 2012, and the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina issued Appellant a letter dated October 5, 2012, notifying Appellant to pay the $298 filing fee for an appeal. ECF No. 4-2. On November 26, 2012, the United States Bankruptcy Court for the District of South Carolina entered an order directing Appellant to file with the Clerk's Office a designation of the items to be included in the record on appeal and a statement of the issues to be presented within fourteen (14) days, and it noted that Appellant had not

submitted the $298 filing fee for an appeal. ECF No. 4-4. *See* Fed. R. Bankr. P. 8001(a), 8006. This court's records do not reflect Appellant's designation of the items to be included in the record on appeal and a statement of the issues to be presented. Thus, it appears Appellant has not complied with Rule 8006 of the Federal Rules of Bankruptcy Procedure. Further, because the $298 filing fee for an appeal has not been paid, it appears Appellant has not complied with Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

On January 29, 2013, this court issued an order giving Appellant notice of, and an opportunity to cure, the procedural deficiencies in this appeal. ECF No. 7. Appellant was warned that failure to comply with the January 29, 2013, order and/or explain the delay within the timetable set in the order may subject this appeal to dismissal for failure to prosecute, failure to comply with the Federal Rules of Bankruptcy Procedure, and/or failure to comply with an order this court. *Id.* Appellant did not respond to this court's order, and the time for response has passed. Plaintiff has failed to prosecute this case and has failed to comply with an order of this court.

Final orders of the bankruptcy court are appealable to the district court pursuant to 28 U.S.C. § 158(a)(1). However, it is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). Dismissal is a "harsh sanction which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the

appeal." Before a court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *see also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) (explaining that a proper application of the *Serra* test will normally require a district court to consider and balance all relevant factors).

In this case, on January 29, 2013, this court gave Appellant notice of his violations of Rules 8001 and 8006 of the Federal Rules of Bankruptcy Procedure, and an opportunity to cure such violations or to explain the delay. Appellant's failure to respond to this court's January 29, 2013, order is at least negligence. Appellant's failure to follow the procedural rules in this appeal burdens the court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice. *See Nelson v. Campbell*, C/A No. 4:12-2070-RBH-TER, 2012 WL 6210335, at *2 (D.S.C. Nov. 16, 2012), *adopted by*, 2012 WL 6210327 (D.S.C. Dec. 13, 2012). Because Appellant did not respond in any way to this court's January 29, 2013, order, it appears that he is abandoning his appeal such that the impact of a dismissal is likely expected by Appellant. Thus, this court recommends that the district court exercise its discretion to dismiss this appeal under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

### Recommendation

Accordingly, it is recommended that the district court deny Appellant leave to appeal the September 19, 2012, bankruptcy court order and judgment and dismiss this action.

*Appellant's attention is directed to the important notice on the next page.*

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

March 1, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).